UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MIRIAM LOWELL and SETH HEALEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VERMONT DEPARTMENT OF ) <br> CHILDREN AND FAMILIES ("DCF"); ) <br> KENNETH SCHATZ, *Commissioner, DCF*; ) <br> KAREN SHEA, *Deputy Commissioner for* ) <br> *the Family Services Division ("FSD"), DCF*; ) <br> CHRISTINE JOHNSON, *Deputy* ) <br> *Commissioner for FSD, DCF*, EMILY ) <br> CARRIER, *District Director, DCF*; ) <br> CATHERINE CLARK, *Director,* ) <br> *Commissioner's Registry Review Unit, DCF*; ) <br> KATHLEEN SMITH, *Family Services* ) <br> *Supervisor, DCF*; CHRISTINE GADWAH, ) <br> *Family Services Worker, DCF*; KATHLEEN ) <br> GREENMUN, *Substantiation Hearing* ) <br> *Officer, DCF*; JOHN and JANE DOES 1–10, ) <br> ) <br> Defendants. ) | Case No. 5:19-cv-150 |

## ORDER

Plaintiffs filed the complaint in this case in August 2019. They allege that the individual defendants violated their rights under the federal and Vermont constitutions as well as federal and state statutory law when their three children were removed from their home due to an allegation by one of the children that Ms. Lowell[1] snorted a crushed pill in her presence. (Compl. ¶ 3, Doc. 1.) The agency did not return the children to the home for approximately one year. Plaintiffs seek declaratory and injunctive relief as well as money damages. They have requested a jury trial.

---

[1] "Lowell" is a pseudonym.

At the outset of the case, Plaintiffs sought a preliminary injunction. (Doc. 5.) The motion focused on Plaintiffs' allegations that they were entitled to due process protections—including disclosure of redacted documents, subpoena power and an opportunity to cross-examine witnesses—at the administrative hearing conducted by the Department of Children and Families (DCF) following the agency's substantiation of child abuse. They also complain that the hearing process lacks a clear legal standard and is tainted by ex parte communications between the DCF hearing officer and agency investigators.

The court denied the motion for a preliminary injunction on *Younger* abstention grounds. (Doc. 36.) In the court's view, "issues concerning the constitutionality of the [child abuse] registry procedures in general or as they have been applied in this case may be examined through the processes of state administrative and judicial review." (Doc. 36 at 8.) The court anticipated that plaintiffs would appear for the substantiation hearing which they might well win. The children returned to the parents' home after the complaining witness withdrew her account of the illegal drug use. The court stayed discovery in the damages case until the completion of the administrative review process. The Second Circuit affirmed that ruling in December 2020. *Lowell v. Vt. Dep't of Child. & Families*, 835 F. App'x 637 (2d Cir. 2020) (amended summary order), *cert. denied*, 141 S. Ct. 2715 (2021) (mem.).

The court expected that Plaintiffs would appear for the administrative hearing. In response to a request for a status update, Plaintiffs' counsel advised in October 2022 that they "have asked for the proceeding to be conducted according to certain basic processes, like the ability to examine witnesses, review the evidence available, and use basic rules of evidence like avoiding third- and fourth-level hearsay." (Doc. 55.) This was the same relief they sought

2

through the preliminary injunction. Plaintiffs advised that they were preparing to seek an injunction in state court.

At a status conference on April 5, 2023, Plaintiffs advised that they have now filed a parallel action in Vermont Superior Court in Washington County. The state court action concerns a claim for injunctive relief addressing the alleged deficiencies in the administrative process. Plaintiffs intend to pursue their damage claim in federal court. At the conclusion of the hearing, the court directed the parties to discuss a potential stipulation allowing for dismissal of the federal action until completion of the state court case. The parties have not filed a stipulation.

In an effort to make progress in this case, the court orders as follows:

1. Within 15 days, Plaintiffs shall file a copy of the pleadings, motion papers and court orders in the state court action. These shall be attached as exhibits to a statement describing the status of the state court action.

2. Within 15 days, Plaintiffs shall file a proposed discovery plan identifying all remaining discovery in the federal case. Defendants shall file a response within 15 days thereafter.

The court will schedule a Rule 16 discovery conference to develop a plan for bringing this case to a conclusion.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 25th day of July, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court

3